IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN ALFANO**, **LISA ALFANO**, **MARY ALFANO-LUPTON**, and **DAVID ALFANO**,<br><br>         Plaintiffs,<br><br>    v.<br><br>**CHRIS FARLEY**, **KATHY ANDREAS**, **ZIGGY SZCCZEPANSKI**, **HELEN IRELAND**, **PAT TERRELL**, and **JON AND JANE DOES 1-10**,<br><br>         Defendants. | Case No. 3:12-cv-02319-PK<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on March 3, 2014. ECF 75. Judge Papak recommended that this Court grant Defendant Chris Farley's motion to dismiss (ECF 62) and request for judicial notice (ECF 65). Judge Papak also recommended that the Court dismiss the Third Amended Complaint (ECF 58) because Plaintiffs Steven Alfano, Lisa Alfano, Mary Alfano-Lupton, and David Alfano (collectively "Plaintiffs") failed to state plausible claims to relief. Judge Papak found that further amendments to Plaintiffs' Third Amended Complaint would be unwarranted under Federal Rule of Civil

PAGE 1 – ORDER

Procedure 15(a) given the number of previous amendments filed. As a result, Judge Papak recommended that the Court dismiss the Third Amended Complaint with prejudice and without leave amend and issue a final judgment in the case.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Defendants Kathy Andreas, Ziggy Szcczepanski, Helen Ireland, and Jim Willis (collectively "State Defendants") and Defendant Chris Farley timely filed objections to Judge Papak's Findings and Recommendation (ECF 77, 79), to which Plaintiffs did not respond. State Defendants and Defendant Farley object to Judge Papak's referral of the pending motions to this

Court and argue that the because Judge Papak had full consent of the parties, Judge Papak's Findings and Recommendation should have been issued as an opinion directly appealable to the Ninth Circuit.

The question before the Court is whether unserved and, in part, unidentified defendants are "parties" from which consent is required under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(a) ("Rule 73(a)"). "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). The procedure for seeking consent is dictated by Rule 73(a) and requires that parties "must jointly or separately file a statement consenting to the referral." After receiving full consent, a subsequent "appeal from a judgment entered at a magistrate judge's direction may be taken to the court of appeals as would any other appeal from a district-court judgment." Fed. R. Civ. P. 73(c); *see* 28 U.S.C. § 636(c)(3).

The Ninth Circuit has not had occasion squarely to address this question, but other district courts in this circuit have found that consent is not required from unserved defendants because they are not yet parties to an action. *See, e.g.*, *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1155 (N.D. Cal. 2011) (finding jurisdiction where the "Doe" defendants had not yet been served); *Gaddy v. McDonald*, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (collecting cases). The logic cited by these decisions is that a "federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. And Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). If a party receives sufficient notice of the complaint, a court will liberally construe Rule 4 to uphold service. *Id.* On the other hand, a party that has not received notice of the complaint is not yet a party to an action whose consent is required in order for a magistrate judge

to have jurisdiction. *See Williams v. Gen. Elec. Capital Auto Lease, Inc.*, 159 F.3d 266, 269 (7th Cir. 1998) (reasoning that "the lack of consent of someone who is not a party to an action does not deprive the magistrate judge of jurisdiction"); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (lack of written consent from unserved defendants "did not deprive the magistrate of jurisdiction").

State Defendants and Defendant Farley argue that the lack of consent from Pat Terrell and the Doe Defendants in this case did not affect Judge Papak's jurisdiction to decide the pending motions pursuant to 28 U.S.C. § 636(c) because those parties had not been served with the Third Amended Complaint, or with any earlier complaint. Moreover, Plaintiffs, State Defendants, and Defendant Farley have all properly consented to Judge Papak. State Defs.' Decl., ECF 78. The Court agrees that Judge Papak has full consent in this matter, and therefore, does not reach the merits of Judge Papak's Findings and Recommendation.

The Court **REMANDS** the Findings and Recommendation (ECF 75) to Judge Papak to be issued as an Opinion and Order.

**IT IS SO ORDERED.**

DATED this 25th day of April, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – ORDER